# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **ADAM BRENT WALLACE,**<br><br>Plaintiff,<br><br>v.<br><br>**C.R. ENGLAND, INC. and HORIZON TRUCK SALES AND LEASING,**<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-00652-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Defendants C.R. England, Inc. ("C.R. England") and Horizon Sales and Leasing's ("Horizon") (collectively, "Defendants") motion to dismiss;[2] (2) Plaintiff Adam Brent Wallace's ("Plaintiff") motion for partial summary judgment;[3] (3) Defendants' motion for leave to respond to Plaintiff's sur-reply on Defendants' motion to dismiss;[4] and (4) Plaintiff's motion for entry of default.[5] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has

---

[1] *See* docket no. 11.

[2] *See* docket no. 17.

[3] *See* docket no. 26.

[4] *See* docket no. 30.

[5] *See* docket no. 18.

concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND[6]

Plaintiff's complaint in this case alleges that Defendants breached two agreements between Plaintiff and Defendants. The two agreements at issue are the Horizon Truck Sales and Leasing Vehicle Lease Agreement ("VLA") and the C.R. England, Inc. Independent Contractor Operating Agreement ("ICOA") (collectively, "Agreements").[7] Plaintiff and Defendants entered into the Agreements on June 21, 2010.[8]

Through the VLA, Plaintiff leased a vehicle from Horizon.[9] The VLA contains a two-year contractual limitations provision, which provides:

> THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE
> ARISING FROM OR IN CONNECTION WITH THIS

---

[6] Because Defendants' motion to dismiss is dispositive of this case, the court recites the factual background for purposes of a motion to dismiss. In other words, the court assumes all of the allegations in Plaintiff's complaint are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] Although the court typically considers only a complaint and its allegations in deciding a motion to dismiss, it may also consider documents referenced in the complaint that are central to the plaintiff's claims. *See Phillips v. Bell*, 365 F. App'x 133, 138 (10th Cir. 2010). Indeed, "[w]hen a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and th[e] rationale for conversion to summary judgment dissipates." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997). Furthermore, because the VLA and the ICOA are attached to Plaintiff's amended complaint, the court may consider them in deciding Defendants' motion to dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

[8] *See* docket no. 10 at 2, ¶ 3 and attached Agreements.

[9] *See* docket no. 10-1 at 2, ¶ 1.

> AGREEMENT, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW . . . , SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING SALT LAKE CITY, UTAH, WITHIN TWO YEARS OF THE ACCRUAL OF SUCH CLAIM OR DISPUTE . . . .[10]

Through the ICOA, Plaintiff in turn leased to C.R. England the vehicle he leased from Horizon.[11] The ICOA provides that Plaintiff would operate the vehicle he possessed and leased to C.R. England under C.R. England's control as required by federal regulations.[12] Addendum 1 to the ICOA provides that in the event of Plaintiff's illness, vacation, or other reasonable absence, Plaintiff could bring the vehicle to C.R. England's yard, and C.R. England would lease the vehicle without Plaintiff's driving services during the period of Plaintiff's absence.[13] Addendum 1 to the ICOA further provides that said period would begin at the time Plaintiff transferred "physical possession of the [vehicle] to [C.R. England]" and would end "upon [C.R. England] transferring physical possession of the [vehicle] back to [Plaintiff]."[14] The ICOA contains a two-year contractual limitations provision, which provides:

> THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW . . . , SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING SALT LAKE CITY, UTAH, WITHIN TWO YEARS OF THE ACCRUAL OF SUCH CLAIM OR DISPUTE . . . .[15]

---

[10] *Id*. at 10, ¶ 21.

[11] *See id*. at 13, ¶ 1.

[12] *See id*. at 16, ¶ 8.

[13] *See id*. at 23.

[14] *Id*.

[15] *Id*. at 18, ¶ 18.

On or about July 16, 2010, Plaintiff informed Defendants that he needed to go to the hospital and that C.R. England would need to find another driver to fulfill Plaintiff's obligations.[16]  Plaintiff did not deliver his vehicle to C.R. England so that a relief driver could fill in during his absence.[17]  Plaintiff alleges that "[o]n or [a]bout July 20, 2010, the repo man showed up instead of a relief driver and repossessed the [vehicle]."[18]

Several years later, on July 6, 2016, Plaintiff initiated this action against Defendants seeking damages for Defendants' alleged breach of the Agreements.

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In determining whether this standard has been met, the court must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011) (quotations and citation omitted).

---

[16] *See* docket no. 10 at 2, ¶ 4.

[17] *See id*. at 2-3, ¶ 5-6.

[18] *Id*. at 3, ¶ 6.

## ANALYSIS

### I. Defendants' Motion to Dismiss

Defendants argue that this action should be dismissed because (A) the two-year contractual limitations provisions in the Agreements are valid, and (B) those limitations periods expired long before Plaintiff's complaint was filed.

### A. Validity of Contractual Limitations Provisions

Under Utah law, "parties may contractually limit the time in which to bring an action in contract to a period shorter than that of the applicable statute of limitations, so long as the limitation is reasonable." *Deer Crest Assocs. I, LC v. Silver Creek Dev. Grp., LLC*, 222 P.3d 1184, 1187-88 (Utah Ct. App. 2009) (holding that a contractually negotiated limitations period of thirty days was not unreasonable); *see also Burkett v. Convergys Corp.*, No. 2:14-cv-376-EJF, 2015 WL 4487706, at *8 (D. Utah July 23, 2015) (unpublished) (holding that a contractually negotiated six-month limitation period was not unreasonable and was enforceable). Honoring contractual provisions that shorten the statute of limitations "is good public policy . . . [as] [t]wo prime objectives of contract law are to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract." *Barajas v. Myriad Genetic Labs., Inc.*, No. 2:13-cv-997-DN, 2014 WL 5681691, at *2 (D. Utah Nov. 4, 2014) (unpublished) (quotations, citation, and footnote omitted) (holding that a contractually negotiated six-month limitations was not unreasonable). Indeed, "Utah courts have repeatedly emphasized that parties are entitled to contract on their own terms without the intervention of the courts." *Id.* (quotations, citation, and footnote omitted).

Based on those authorities, Defendants contend that the two-year contractual limitations provisions in the Agreements are reasonable and, therefore, are valid. In response, Plaintiff contends that the limitations provisions are somehow invalid because similar agreements are a subject of a pending but different lawsuit against Defendants. However, Plaintiff provides no legal authority for that proposition. Furthermore, Plaintiff has not alleged in the amended complaint that the Agreements are invalid, and he is suing Defendants for damages for breach of the Agreements. Importantly, Plaintiff specifically alleges in the amended complaint that both Agreements are "valid and enforceable."[19] Further, although Plaintiff argues that "the contractual limitations do not apply in this case because the [Agreements are] invalid,"[20] he is still alleging breach of contract and seeking what he claims he was entitled to under the Agreements.

For those reasons, the court concludes that Plaintiff's arguments concerning the invalidity of the contractual limitations provisions are without merit. Moreover, based upon the authority cited by Defendants, the court concludes that the two-year contractual limitations periods in the Agreements are reasonable and, accordingly, are valid.

### B. Expiration of Contractual Limitations Periods

Defendants next argue that this action should be dismissed because the valid, two-year contractual limitations periods in the Agreements expired long before Plaintiff's complaint was filed. The court agrees.

---

[19] *Id*. at 4, ¶ 14, 19; 5, ¶ 24; 6, ¶ 29.

[20] Docket no. 23 at 4.

In a breach of contract action under Utah law, the general rule is that a claim accrues and the limitations period begins to run when the breach occurs. *See, e.g.*, *Butcher v. Gilroy*, 744 P.2d 311, 313 (Utah Ct. App. 1987). In his complaint, Plaintiff alleges that Defendants breached the Agreements on or about July 20, 2010.[21] Plaintiff's complaint was not filed until July 6, 2016, almost four years after the two-year contractual limitations periods in the Agreements expired. Therefore, this action is time-barred under the valid, two-year contractual limitations provisions in the Agreements.

In response to Defendants' argument, Plaintiff maintains that this action should not be dismissed for three reasons. First, Plaintiff argues that the contractual limitations provisions should be disregarded because Defendants breached the Agreements. Second, Plaintiff contends that his complaint in this action was timely because he did not discover Defendants' alleged breach of the Agreements until he reviewed his credit report on or about January 6, 2016, and his complaint was filed within two years of that date. Third, Plaintiff appears to argue that the two-year limitations periods in the Agreements should be tolled or disregarded because extraordinary circumstances existed that prevented him from filing this action within that period. All of Plaintiff's arguments fail.

Plaintiff's first argument must fail because, if the court were to agree with it, it would lead to an illogical and absurd result. Indeed, under Plaintiff's argument, all contractual limitations periods would be void simply if a breach of the underlying agreement was alleged. Furthermore, in each of the cases cited in the previous section, courts have upheld contractually negotiated limitations periods despite claims that the underlying agreement was breached. *See*

---

[21] *See* docket no. 10 at 3, ¶ 6.

*Burkett*, 2015 WL 4487706, at *8-10; *Barajas*, 2014 WL 5681691, at *2; *Deer Crest Assocs. I, LC*, 222 P.3d at 1187-88.

Plaintiff's second argument likewise fails. As noted above, under Utah law, the general rule is that a claim for breach of contract accrues and the limitations period begins to run at the time of the breach. *See, e.g.*, *Butcher*, 744 P.2d at 313. Plaintiff's ignorance of the existence of a cause of action does not prevent the limitations period from running. *See, e.g.*, *Brigham Young Univ. v. Paulsen Constr. Co.*, 744 P.2d 1370, 1374 (Utah 1987); *Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1257 (Utah 1983); *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981). While Utah law recognizes the discovery rule, it applies as an exception to the general rule "only when the application of the general rule would be irrational or unjust." *Brigham Young Univ.*, 744 P.2d at 1374 (quotations and citations omitted); *see also Becton Dickinson & Co.*, 668 P.2d at 1257; *Myers*, 635 P.2d at 86. Plaintiff has not presented any credible argument as to why he could not have discovered Defendants' alleged breach of the Agreements within the two-year limitations periods in the Agreements. Furthermore, the court concludes that application of the general rule stated above does not lead to an "irrational or unjust" result justifying application of the discovery rule. *Brigham Young Univ.*, 744 P.2d at 1374 (quotations and citations omitted).

Plaintiff's third and final argument also fails. According to Plaintiff, he was incarcerated sometime in 2011. Plaintiff contends that his incarceration constitutes extraordinary circumstances that prevented him from filing this action within the two-year limitations periods in the Agreements and, therefore, the two-year limitations periods should be tolled or disregarded. However, the authority cited by Plaintiff does not support the proposition that he urges the court to accept. Therefore, the court concludes that this argument is without merit.

Based upon the foregoing, the court concludes that Defendants' motion to dismiss should be granted and that this action should be dismissed with prejudice.

## II.     Plaintiff's Motion for Partial Summary Judgment

In his motion for partial summary judgment, Plaintiff merely repeats one of the arguments addressed above.  Specifically, Plaintiff contends that his complaint in this action was timely because he did not discover Defendants' alleged breach of the Agreements until he reviewed his credit report on or about January 6, 2016, and his complaint was filed within two years of that date.  The court rejected that argument above and rejects it again here.  Accordingly, Plaintiff's motion for partial summary judgment should be denied.

## III.    Defendants' Motion for Leave to Respond to Plaintiff's Sur-Reply on Defendants' Motion to Dismiss

Defendants seek leave to respond to a sur-reply filed by Plaintiff on Defendants' motion to dismiss.  Plaintiff's sur-reply was inappropriately filed without leave of court.  *See* DUCivR 7-1(b)(2)(C) (providing that aside from opposition and reply memoranda, "[n]o additional memoranda will be considered without leave of court").

The court has concluded that Defendants' motion to dismiss should be granted.  Because the court reached that conclusion without the need for a response from Defendants to Plaintiff's sur-reply, Defendants' motion for leave to respond to Plaintiff's sur-reply should be deemed moot.

## IV.     Plaintiff's Motion for Entry of Default

Plaintiff seeks entry of default against Defendants based upon his argument that Defendants did not file a timely response to Plaintiff's complaint.  Rule 55(a) of the Federal Rules of Civil Procedure provides that default may be entered against a defendant if that

defendant "has failed to plead or otherwise defend" against the plaintiff's complaint. Fed. R. Civ. P. 55(a). Pursuant to Rule 12(a)(1)(A), "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 12(a)(4)(A) goes on to provide that "serving a motion under this rule alters these periods as follows: . . . if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Rule 12(b) further provides that a motion asserting a defense of "failure to state a claim upon which relief can be granted . . . must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b), (b)(6) (emphasis added); *see also Carrillo v. Coffman*, 663 F. App'x 680, 684 (10th Cir. 2016); *Buck v. Parra*, No. 2:13-cv-343 TS, 2013 WL 6672437, at *5 (D. Utah Dec. 18, 2013) (unpublished).

Defendants were served with Plaintiff's complaint on April 7, 2017. Accordingly, Defendants were required to plead or otherwise defend against Plaintiff's complaint by April 28, 2017. On April 27, 2017, Defendants filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6). Because Defendants filed a timely response to Plaintiff's complaint, Plaintiff's motion for entry of default should be denied.

### CONCLUSION AND RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED:

1. Defendants' motion to dismiss[22] be GRANTED, and this action be DISMISSED WITH PREJUDICE.

---

[22] *See* docket no. 17.

    2.      Plaintiff's motion for partial summary judgment[23] be DENIED.

    3.      Defendants' motion for leave to respond to Plaintiff's sur-reply on Defendants' motion to dismiss[24] be deemed MOOT.

    4.      Plaintiff's motion for entry of default[25] be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 2nd day of March, 2018.

BY THE COURT:

*[signature]*

PAUL M. WARNER
Chief United States Magistrate Judge

---

[23] *See* docket no. 26.

[24] *See* docket no. 30.

[25] *See* docket no. 18.